**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ENTERPRISE LEASING COMPANY OF GEORGIA LLC and EAN SERVICES LLC,<br>Plaintiffs,<br>v.<br>ZEEBA AUTOMOTIVE GROUP INC. and KAMBIZ MARASHI,<br>Defendants. | Civil Action No.<br>1:25-cv-05872-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant Zeeba Automotive Group Inc.'s motion to set aside default [ECF 13]. Plaintiffs EAN Services LLC (EAN) and Enterprise Leasing Company of Georgia LLC (ELOG) oppose the motion and move for default judgment against Zeeba [ECF 11]. Because Zeeba has shown good cause to set aside its default, its motion is **GRANTED**, and Plaintiffs' motion for default judgment is therefore **DENIED as moot**.

## I. BACKGROUND

Plaintiffs filed their complaint on October 13, 2025, alleging that Zeeba and Defendant Kambiz Marashi (a co-founder of Zeeba and member of its board of directors) rented more than 200 luxury vehicles from Plaintiffs' Atlanta-area branch locations for use at the 2025 Masters golf tournament in Augusta, Georgia,

but failed to pay the nearly $400,000 bill.[1] Plaintiffs further allege that ELOG and Zeeba entered into an unsecured promissory note to pay off the balance owed, which Zeeba defaulted on as well.[2] Zeeba was served on October 24, and Marashi was served on January 6, 2026.[3] Marashi timely filed an answer to the complaint,[4] but Zeeba did not. Plaintiffs obtained a clerk's entry of default against Zeeba on November 18, 2025, and moved for default judgment on January 26, 2026.[5]

Plaintiffs and Marashi participated in the Fed. R. Civ. P. 26(f) early planning conference on February 10.[6] Zeeba's then-counsel[7] (also Marashi's then-counsel) attests that she initially believed that she had been retained only to represent Marashi in this lawsuit, as Zeeba was already in default at the time of her retention.[8] Further, counsel states that she learned after the Rule 26(f) conference

---

1 *See generally* ECF 1.

2 *Id.*

3 ECFs 8, 10.

4 ECF 12.

5 ECF 11.

6 ECF 15.

7 After the briefing on the parties' motions was complete, Zeeba and Marashi's counsel moved to withdraw. ECF 23. Pursuant to the Court's July 8, 2026 Order allowing counsel to withdraw, Defendants caused new counsel to enter an appearance on their behalf. ECF 29. For simplicity's sake, this Order will continue to refer to Zeeba and Marashi's withdrawn counsel in the present tense, though it is not a reflection on the performance of current counsel.

8 Decl. of K. Brow Aho, ECF 13, ¶ 2.

that she was retained to represent Zeeba as well, which she immediately communicated to Plaintiffs' counsel.[9] On February 16, Zeeba moved to set aside its default.[10]

## II. APPLICABLE LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." This means that the Court may set aside entry of default "only if the defaulting party can provide a good reason for the district court to do so." *Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999). The good cause standard for setting aside a clerk's entry of default is less rigorous than the standard for vacating a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. [The Eleventh Circuit] recognize[s] that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Courts have also considered "whether the public interest

---

9 *Id.* ¶¶ 3–4.

10 ECF 13.

was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* In determining whether to set aside default, the Court is guided by the "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

## III. DISCUSSION

Zeeba has shown good cause to set aside its default. First, the Court concludes that Zeeba's default was not culpable or willful. "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana*, 88 F.3d at 951–52. A reasonable interpretation of the facts is that Zeeba, for one reason or another, failed to respond to the complaint, but after Marashi was served, he promptly obtained counsel for himself and Zeeba—however, due to a miscommunication, counsel did not act sooner to remedy Zeeba's default. Counsel's affidavit provides a plausible explanation for this sequence of events. Zeeba's failure to timely respond to the complaint, standing alone, does not support a finding that it intentionally or recklessly disregarded these proceedings. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible."). Additionally, "any

doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citing *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962)).[11] Thus, the first factor weighs in favor of setting aside default.

Second, the Court concludes that Plaintiffs will suffer minimal, if any, prejudice if the default is set aside. As a general matter, "there is no prejudice in requiring a plaintiff to prove his or her case." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). And the fact that "setting aside a default will delay a plaintiff's possible recovery is not sufficient, on its own, to bar relief." *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 656 (M.D. Fla. 2014) (citing 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2699 (3d ed. 2004) (collecting cases)). Plaintiffs have not presented any evidence to suggest that their sought-after recovery will become uncollectible due to the delay caused by Zeeba's default.

To cure any prejudice, Plaintiffs request that they be awarded their litigation costs incurred pursuing default judgment and opposing Zeeba's motion. It is true that some courts have conditioned setting aside default on the payment of the

---

[11] Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

opposing party's fees. *See, e.g.*, *Intercontinental Hotels Grp., Inc. v. Weis Builders, Inc.*, No. 1:06-CV-1213-WSD, 2007 WL 2705559, at *3 (N.D. Ga. Sept. 12, 2007); *see also* 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2700 (4th ed.) (collecting cases). However, *Intercontinental Hotels* is distinguishable, as default ***judgment*** had already been entered when the Court set aside default. *Id.* at *1. Because the Court will set aside Zeeba's default, Plaintiffs will necessarily be denied default judgment, and their opposition to Zeeba's motion is similarly unsuccessful. The Court is not inclined to award Plaintiffs their fees where they did not succeed. *Cf. Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)) (in calculating attorneys' fees, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive"). This leaves Plaintiffs' successful motion for clerk's entry of default, but this has only *de minimis* value. *See id.* at 1303 ("The court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees.") (citation omitted). Taken together, the second factor weighs in favor of setting aside default and against awarding Plaintiffs their fees.

Third, the Court concludes that Zeeba has presented meritorious defenses. "[A] meritorious defense is one that is 'good at law' without reference to the

likelihood of success." *Domineck v. One Stop Auto Shop, Inc.*, 302 F.R.D. 695, 699 (N.D. Ga. 2014). Zeeba argues that it is not the correct defendant in this case, as the signatory to the initial agreement between EAN and Zeeba was "Zeeba Hospitality Group"; and that Marashi did not rent as many vehicles as Plaintiffs allege.

Without passing upon the likelihood of success of Zeeba's defenses, the Court concludes they are sufficiently "good at law" for present purposes. While Marashi admitted the complaint's allegation that Zeeba was in fact the signatory to the agreement,[12] that admission is not necessarily imputed to Zeeba. Zeeba denied this allegation in its proposed answer,[13] and "the general rule [is] that a party is bound by the admissions in ***his*** pleadings." *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (emphasis added). Nor does Marashi's status as a Zeeba board member necessarily allow him to act on behalf of Zeeba. *See Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 539 (Del. 1996) ("Directors, in the ordinary course of their service as directors, do not act as agents of the corporation.").[14] Zeeba's contention that Marashi rented fewer than

---

12 ECF 12, ¶ 10.

13 ECF 13-2, ¶ 10.

14 Georgia follows the internal affairs doctrine, where issues concerning the internal relations of a corporation, its shareholders, directors, officers, or agents are governed by the law of the state of incorporation, *Diedrich v. Miller & Meier & Assocs., Architects & Planners, Inc.*, 254 Ga. 734, 735–36 (1985). Zeeba is incorporated under Delaware law. ECF 13-2, ¶ 4.

the 200-plus vehicles alleged in the complaint is relevant to Plaintiffs' alternative claim for breach of the promissory note between ELOG and Zeeba, the principal amount of which is defined only as "the full balance of owed receivables,"[15] because whether Zeeba breached the note depends on how much was actually owed—for example, Plaintiffs allege that Zeeba paid $30,000 towards the note.[16]

None of this is to say that Zeeba's proffered defenses assuredly do have merit. And Zeeba's assertions are made in the shadow of Fed. R. Civ. P. 11, which Plaintiffs reference in their opposition. But, in the absence of a proper Rule 11 motion, whether Zeeba's factual contentions and denials have evidentiary support is a question left for another day. Keeping in mind that the standard to set aside default under Fed. R. Civ. P. 55(c) is less stringent than the standard to set aside a default judgment under Fed. R. Civ. P. 60(b), Zeeba has "made a bare minimum showing to support relief under Rule 55(c)." *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).[17]

---

15 ECF 1-3, ¶ 2.b.

16 ECF 1, ¶ 18.

17 Plaintiffs also request limited discovery regarding the factual assertions in Zeeba's motion before the Court rules. Of course, this request belies the notion that Plaintiffs will be prejudiced by the delay caused by Zeeba's default, as their proposed limited discovery period on a collateral issue will necessarily delay the resolution of this case even further. Because Zeeba has made a sufficient evidentiary showing under the Fed. R. Civ. P. 55(c) good cause

Lastly, the Court concludes that Zeeba acted promptly to set aside its default. Based on the uncontroverted affidavit from Zeeba's counsel, Zeeba and Marashi retained counsel after service on Marashi. However, because of counsel's confusion, Zeeba did not seek to set aside default sooner, and its motion was filed shortly after counsel's discovery of her error following the Rule 26(f) conference in early February. This relative promptness weighs in favor of setting aside default.

## IV. CONCLUSION

For good cause shown, Zeeba's motion to set aside default [ECF 13] is **GRANTED**. The Clerk is **DIRECTED** to set aside the default entered against Zeeba on November 18, 2025. The Clerk is further **DIRECTED** to enter Zeeba's proposed answer [ECF 13-2] separately on the docket as its operative answer in this case. Having set aside Zeeba's default, Plaintiffs' motion for default judgment [ECF 11] is **DENIED as moot**.

The stay imposed by the Court's July 10, 2026 Order [ECF 28] is hereby **LIFTED**. The parties are **ORDERED** to file an amended Joint Preliminary Report and Discovery Plan within 30 days of this Order.

standard, Plaintiffs' request is denied. However, Plaintiffs may choose to explore this topic in the regular discovery period.

The Clerk is **DIRECTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge